# EXHIBIT "A"

**LAW OFFICES ROSEMARIE ARNOLD**
1386 Palisade Avenue
Fort Lee, New Jersey 07024
(201) 461-1111
**Attorneys for Plaintiff**
Attorney ID No.: 034241986
Filing Attorney ID No.: 037762011

| | |
|---|---|
| SUNGJIN KIM,<br><br>Plaintiff,<br><br>-against-<br><br>COSTCO WHOLESALE CORPORATION, COSTCO WHOLESALE WAREHOUSE # 1214 and/or "ABC CORP. 1-10" and/or "DEF MAINTENANCE COMPANY 1-10" and/or "JOHN DOES 1-10" (the last three being fictitious designations), SHARKNINJA OPERATING LLC and/or "XYZ CORP. 1-10" (last being a fictitious designation),<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: BERGEN COUNTY<br><br>**DOCKET NO.: BER-L-2178-21**<br><br>CIVIL ACTION<br><br>**SUMMONS** |

THE STATE OF NEW JERSEY, TO THE ABOVE NAMED DEFENDANT:

**COSTCO WHOLESALE CORPORATION c/o COSTCO WHOLESALE WAREHOUSE #1214**

THE Plaintiffs, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within thirty-five (35) days after the service of the Summons and Complaint upon you, exclusive of the day of service. If the complaint is one in foreclosure, then you must file your written answer to motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to the plaintiffs' attorney whose name and address appear above, or to the plaintiffs, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $ 135.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written Answer or Motion within 35 days, the Court may enter a Judgment against you for the relief plaintiffs demand, plus interest and costs of suit. If

judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

    If you cannot afford to pay an attorney, call a Legal Services Office. An individual not eligible for free legal assistance may obtain a referral to an attorney by calling a County Lawyer Referral Service. These numbers may be listed in the yellow pages of your phone book or may be obtained by calling the New Jersey State Bar Association Lawyer Referral Service, toll free (800) 792-8315 (within New Jersey) or (609) 394-1101 (from out of state). The phone number for the county in which this action is pending are: Lawyer Referral Service (973) 622-6204, Legal Service Office (973)624-4500.

Dated: March 31, 2021

*S/. Michelle M. Smith*
Michelle M. Smith

**Name of Defendant:** Costco Wholesale Corporation c/o Costco Wholesale Warehouse #1214
**Address to be Served:** 2 Teterboro Landing Drive, Teterboro, New Jersey 07608

**LAW OFFICES ROSEMARIE ARNOLD**
1386 Palisade Avenue
Fort Lee, New Jersey 07024
(201) 461-1111
Attorneys for Plaintiff
Attorney ID No.: 034241986
Filing Attorney ID No.: 037762011

| | |
|---|---|
| SUNGJIN KIM,<br><br>                Plaintiff,<br><br>-against-<br><br>COSTCO WHOLESALE CORPORATION, COSTCO WHOLESALE WAREHOUSE # 1214 and/or "ABC CORP. 1-10" and/or "DEF MAINTENANCE COMPANY 1-10" and/or "JOHN DOES 1-10" (the last three being fictitious designations), SHARKNINJA OPERATING LLC and/or "XYZ CORP. 1-10" (last being a fictitious designation),<br><br>                Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION: BERGEN COUNTY<br><br>DOCKET NO.: BER-L- 2178-21<br><br>CIVIL ACTION<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff, SUNGJIN KIM, residing at 615 Shaler Boulevard, Apt. B, Borough of Ridgefield, County of Bergen, State of New Jersey, by way of Complaint against Defendants, says:

### FIRST COUNT

1. On or about May 8, 2019, Plaintiff, SUNGJIN KIM, was a business invitee who was lawfully upon the premises of Defendants, COSTCO WHOLESALE CORPORATION, COSTCO WHOLESALE WAREHOUSE #1214 and/or "ABC CORP. 1-10" (being a fictitious designation), located at 2 Teterboro Landing Drive, in the Borough of Teterboro, County of Bergen, State of New Jersey.

2. At the aforesaid time and place, Defendants, COSTCO WHOLESALE CORPORATION, COSTCO WHOLESALE WAREHOUSE #1214 and/or "ABC CORP. 1-10"

(being a fictitious designation), their agents, servants and/or employees, owed a duty to Plaintiff and persons such as Plaintiff to own, operate, maintain, manage, supervise and/or control its premises without carelessness and/or negligence and to keep its premises in a safe and proper condition, free and clear of any and all hazardous and/or dangerous conditions and disrepairs which would endanger the safety of Plaintiff or persons such as Plaintiff.

3. Defendants, COSTCO WHOLESALE CORPORATION, COSTCO WHOLESALE WAREHOUSE #1214 and/or "ABC CORP. 1-10" (being a fictitious designation), their agents, servants and/or employees, breached their duty to Plaintiff by negligently and/or carelessly allowing the premises to be improperly and/or dangerously designed, constructed, supervised, maintained and/or caused and/or allowed the premises to remain in an unsafe and/or dangerous condition, which condition caused the Plaintiff to become injured.

4. At all relevant times herein, Defendants, COSTCO WHOLESALE CORPORATION, COSTCO WHOLESALE WAREHOUSE #1214 and/or "ABC CORP. 1-10" (being a fictitious designation), their agents, servants and/or employees, caused and/or created and/or had actual notice of said hazardous and/or dangerous condition and/or by reasonable inspection thereof, would have and should have discovered the hazardous and/or dangerous condition existing.

5. That at all times hereinafter mentioned, Defendants, COSTCO WHOLESALE CORPORATION, COSTCO WHOLESALE WAREHOUSE #1214 and/or "ABC CORP. 1-10" (being a fictitious designation), their agents, servants and/or employees, owed a duty to Plaintiff and persons such as Plaintiff to warn of any and all hazardous and/or dangerous conditions existing on the premises.

6. That at all relevant times herein, Defendants breached their duty to Plaintiff by

failing to warn Plaintiff and persons such as Plaintiff of the hazardous and/or dangerous condition existing on its premises.

7. As a proximate cause and reasonably foreseeable result of the aforesaid carelessness and/or negligence of Defendants, Plaintiff, SUNGJIN KIM, suffered severe and permanent injuries, was disabled and disfigured, has suffered and will continue to suffer great pain and torment, both mental and physical, has and will be in the future compelled to spend great and diverse sums of money for medical aid and treatment, and has been and will be prevented from attending to his usual occupation, duties, activities and business.

**WHEREFORE**, Plaintiff, SUNGJIN KIM, demands judgment against Defendants, COSTCO WHOLESALE CORPORATION, COSTCO WHOLESALE WAREHOUSE #1214 and/or "ABC CORP. 1-10" (being a fictitious designation), jointly, severally and/or jointly and severally, for damages, together with interest, costs of suit and such other relief as the Court deems necessary and proper.

## SECOND COUNT

1. Plaintiff repeats the allegations of the First Count as if set forth herein at length.

2. At the aforesaid time and place and prior thereto, Defendants, "DEF MAINTENANCE COMPANY 1-10" and/or "JOHN DOES 1-10" (both being fictitious designations) were hired by Defendants, COSTCO WHOLESALE CORPORATION, COSTCO WHOLESALE WAREHOUSE #1214 and/or "ABC CORP. 1-10" (being a fictitious designation), and were responsible for, *inter alia*, the maintenance, proper set up of displays and/or products, and/or inspection and management of the subject/mentioned premises.

3. At the aforesaid time and place, the Defendants owed a duty to Plaintiff and

persons such as Plaintiff, to keep its premises in a safe and proper condition, free and clear of any and all hazardous and dangerous conditions and/or disrepair which would endanger the safety of Plaintiff or persons such as Plaintiff, and to warn Plaintiff of any of the above-mentioned conditions and/or disrepairs.

4. At the aforesaid time and place, the Defendants so negligently and/or carelessly maintained, inspected, set up displays and/or products, and/or inspected and/or managed as contractor or maintenance company and/or as an agent, servant and/or employee of Defendants, the subject premises in such a way so as to cause the Plaintiff to become injured due to the presence of a hazardous, dangerous and unreasonable condition of said premises.

5. At the aforesaid time and place, the Defendants owed a duty to Plaintiff, and persons such as Plaintiff, to keep its premises in a safe and proper condition, free and clear of any and all hazardous and dangerous conditions and disrepairs which would endanger the safety of Plaintiff, or persons such as Plaintiff.

6. The Defendants above disregarded their aforesaid duty and negligently and/or carelessly allowed the premises to be improperly and dangerously maintained and to remain in an unsafe and dangerous condition by allowing said hazardous and dangerous condition to exist on said premises, all of which the Defendants had due notice of or by reasonable inspection would have discovered.

7. The aforesaid Defendants breached their duty owed to the Plaintiff and negligently and/or carelessly allowed the premises to be improperly and dangerously maintained and allowed said premises to remain in an unsafe and dangerous condition by allowing a hazardous and dangerous condition to exist on the premises, which condition the Defendants had actual notice of or by reasonable inspection thereof would have discovered.

8. That at all times hereinafter mentioned, the said Defendants had actual notice of said hazardous and dangerous conditions and/or by reasonable inspection thereof, would have and should have discovered the hazardous and dangerous condition existing and corrected same.

9. As a proximate cause and reasonably foreseeable result of the aforesaid carelessness and negligence conduct of the Defendants, the Plaintiff suffered severe and permanent injuries, was disabled and disfigured, has suffered and will continue to suffer great pain and torment, both mental and physical.

10. As a further proximate cause and reasonably foreseeable result of Defendants' aforesaid negligence and the injuries caused thereby to the Plaintiff, the Plaintiff has been and will be in the future compelled to spend great and diverse sums of money for medical aid and treatment, and has been and will be prevented from attending to his usual occupation, duties, activities and business.

**WHEREFORE**, Plaintiff, SUNGJIN KIM, demands judgment against Defendants, COSTCO WHOLESALE CORPORATION, COSTCO WHOLESALE WAREHOUSE #1214 and/or "ABC CORP. 1-10" and/or "DEF MAINTENANCE COMPANY 1-10" and/or "JOHN DOES 1-10" (last three being fictitious designations), jointly, severally and/or jointly and severally, for damages, together with interest, costs of suit and such other relief as the Court deems necessary and proper.

## THIRD COUNT

1. At all relevant times herein, Defendants, SHARKNINJA OPERATING LLC and/or "XYZ CORP. 1-10" (being a fictitious designation), are duly authorized to do business in the State of New Jersey, and were engaged in the manufacture, design, supply, assembly, packaging, inspection, distribution and/or sale of certain consumer household food processing

blender product, namely a Ninja Professional Blender 1000, including, but not limited to any and all attachments and/or accompanying parts.

2. On or about May 8, 2019, Plaintiff, SUNGJIN KIM, was a business invitee who was lawfully upon the premises of Defendants, COSTCO WHOLESALE CORPORATION, COSTCO WHOLESALE WAREHOUSE #1214 and/or "ABC CORP. 1-10" (being a fictitious designation), located at 2 Teterboro Landing Drive, in the Borough of Teterboro, County of Bergen, State of New Jersey.

3. At the aforesaid time and place, Plaintiff, SUNGJIN KIM, was perusing an open display Ninja Professional Blender 1000 that was manufactured, designed, supplied, assembled, packaged, inspected, marketed, distributed and/or sold by Defendants, SHARKNINJA OPERATING LLC and/or "XYZ CORP. 1-10" (being a fictitious designation).

4. At the aforesaid time and place, while Plaintiff, SUNGJIN KIM, was perusing the aforementioned Ninja Professional Blender 1000, sustained severe and permanent injuries, which injuries were due to the defective and hazardous design, manufacture, assembly, packaging, supply, installation, maintenance, inspection, distribution, and/or sale of the aforesaid product.

5. Defendants, SHARKNINJA OPERATING LLC and/or "XYZ CORP. 1-10" (being a fictitious designation), expressly and impliedly warranted to Plaintiff and persons such as Plaintiff that the aforesaid product was merchantable and fit for the use for which it was intended and are strictly liable in tort for any and all defects in the aforesaid product.

6. Defendants, SHARKNINJA OPERATING LLC and/or "XYZ CORP. 1-10" (being a fictitious designation), owed a duty to Plaintiff and foreseeable users, such as Plaintiff, to exercise due care in designing, manufacturing, assembling, supplying, packaging, installing, maintaining, inspecting, distributing and/or selling the product involved in this action.

7. Defendants, SHARKNINJA OPERATING LLC and/or "XYZ CORP. 1-10" (being a fictitious designation),

(a) knew or in the exercise of reasonable care should have known, that the product was:

(b) designed, manufactured, assembled, supplied, packaged, installed, maintained, inspected, distributed and/or sold in a condition inherently dangerous for its intended use;

(c) failed to warn or give adequate notice of the method of assembly of the aforesaid product and/or that same was defectively designed and/or failed to warn of the hazardous design and inherent dangers of this product;

(d) failed to otherwise exercise due care with respect to designing, manufacturing, marketing, assembling, supplying, packaging, installing, maintaining, inspecting, distributing and selling the product involved in this action.

8. Defendants, SHARKNINJA OPERATING LLC and/or "XYZ CORP. 1-10" (being a fictitious designation), breached their duty to Plaintiff and/or violated N.J.S.A. 2:58C-2 in that said Defendants:

(a) designed, manufactured, assembled, supplied, packaged, installed, maintained, inspected, distributed and sold the product with the aforementioned defects;

(b) failed to warn or give adequate notice that the product was defectively designed;

(c) failed to otherwise exercise due care with respect to designing, manufacturing, assembling, supplying, packaging, installing, maintaining, inspecting, distributing and selling the product involved in this action.

9. Defendants, SHARKNINJA OPERATING LLC and/or "XYZ CORP. 1-10" (being a fictitious designation) knew, or in the exercise of reasonable care should have known, that the product was a dangerous instrumentally if not properly designed, manufactured, packaged, tested,

or inspected and that the product presented the probability of harm to any foreseeable users unless it was free from defects. Defendants, SHARKNINJA OPERATING LLC and/or "XYZ CORP. 1-10" (being a fictitious designation), had a duty to foreseeable users, and to Plaintiff in particular, to:

(a) inspect and test the product that it sold so as to determine whether it would be reasonably fit for its intended uses; and

(b) warn or give fair and adequate notice of the inherently dangerous condition existing as a result of the negligent design, manufacture, assembly, supply, packaging, installation, maintenance, inspection, distribution and sale of the product.

10. Defendants, SHARKNINJA OPERATING LLC and/or "XYZ CORP. 1-10" (being a fictitious designation) breached the duty and/or violated N.J.S.A. 2A:58C-2 described above in that said Defendants failed to warn Plaintiff of the inherently dangerous condition of the product and failed to inspect or test the product to determine whether it was reasonably fit for its intended use.

11. As a proximate cause and reasonably foreseeable result of Defendants, SHARKNINJA OPERATING LLC and/or "XYZ CORP. 1-10" (being a fictitious designation), negligent acts or omissions and/or strict liability the Plaintiff was caused to suffer and sustain severe, permanent and disabling injuries, both mental and physical, and has been and will be in the future compelled to spend great and diverse sums of money for medical aid and treatment, and has been and will be prevented from attending to his usual occupation, duties, activities and business.

12. As a proximate cause and reasonably foreseeable result of any and all of the foregoing acts and/or omissions, Defendants, SHARKNINJA OPERATING LLC and/or "XYZ

CORP. 1-10" (being a fictitious designation) are strictly liable in tort pursuant to N.J.S.A. 2A:58C-2.

**WHEREFORE**, Plaintiff, SUNGJIN KIM, demands judgment against Defendants, SHARKNINJA OPERATING LLC and/or "XYZ CORP. 1-10" (being a fictitious designation), jointly, severally, and/or jointly and severally, for damages, interest, costs of suit, and such other relief as the Court deems necessary and proper.

### FOURTH COUNT

1. Plaintiff repeats the allegations contained all previous Counts of the Complaint as if set forth herein at length.

2. Defendants, SHARKNINJA OPERATING LLC and/or "XYZ CORP. 1-10" (being a fictitious designation), expressly warranted that the product was merchantable, safely designed, and fit for the particular purpose for which it was produced, sold, and intended to be used. Plaintiff relied on those warranties when using the product in the manner which it was intended to be used.

3. Defendants, SHARKNINJA OPERATING LLC and/or "XYZ CORP. 1-10" (being a fictitious designation), breached those express warranties in that the product was not safely designed, assembled, packaged, installed, maintained, inspected and distributed. In fact, the product in question was inherently dangerous in its design, manufacture, assembly, packaging, supply, installation, maintenance, inspection, distribution, repair and sale and was inherently dangerous for its intended use.

4. As a proximate cause and reasonably foreseeable result of Defendants, SHARKNINJA OPERATING LLC and/or "XYZ CORP. 1-10" (being a fictitious designation), breach of the express warranties described above, Plaintiff was caused to suffer and sustain severe, permanent

and disabling injuries, both mental and physical, and has been and will be in the future compelled to spend great and diverse sums of money for medical aid and treatment, and has been and will be prevented from attending to his usual occupation, duties, activities and business.

**WHEREFORE**, Plaintiff, SUNGJIN KIM, demands judgment against Defendants, SHARKNINJA OPERATING LLC and/or "XYZ CORP. 1-10" (being a fictitious designation), jointly, severally, and/or jointly and severally, for damages, interest, costs of suit, and such other relief as the Court deems necessary and proper.

### FIFTH COUNT

1. Plaintiff repeats each and every allegation contained in all previous Counts of the Complaint as if set forth herein at length.

2. Plaintiff, SUNGJIN KIM, is the intended third party beneficiary under a policy or policies of insurance held by Defendants herein for the payment of medical expenses incurred as a result of the subject accident, regardless of fault.

3. Defendants COSTCO WHOLESALE CORPORATION, COSTCO WHOLESALE WAREHOUSE #1214 and/or "ABC CORP. 1-10" and/or "DEF MAINTENANCE COMPANY 1-10" and/or "JOHN DOES 1-10" (last three being fictitious designations), SHARKNINJA OPERATING LLC and/or "XYZ CORP. 1-10" (being a fictitious designation), have failed to honor the provisions of said policy and have refused and continue to refuse to make payment of medical expenses incurred as the result of the subject accident up to the limit of the policy provisions as aforesaid.

**WHEREFORE**, Plaintiff, SUNGJIN KIM, demands judgment against Defendants, COSTCO WHOLESALE CORPORATION, COSTCO WHOLESALE WAREHOUSE #1214 and/or "ABC CORP. 1-10" and/or "DEF MAINTENANCE COMPANY 1-10" and/or "JOHN DOES 1-10" (last three being fictitious designations), SHARKNINJA OPERATING LLC and/or "XYZ CORP. 1-10"

(being a fictitious designation), jointly, severally and/or jointly and severally, for damages, together with interest, costs of suit and such other relief as the Court deems necessary and proper.

### JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

### DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Daniel S. Suh, Esq. is designated as trial counsel.

### CERTIFICATION

I hereby certify that this matter is not the subject of any other action pending in any court or arbitration proceeding, that no such other action or arbitration proceeding is contemplated by the Plaintiff, and that there are no other parties, whom, to the knowledge of the Plaintiff's counsel, should be joined in this action.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

LAW OFFICES ROSEMARIE ARNOLD
Attorneys for Plaintiff

*S/ Daniel S. Suh*
Daniel S. Suh

Dated: March 31, 2021

# Civil Case Information Statement

## Case Details: BERGEN | Civil Part Docket# L-002178-21

**Case Caption:** KIM SUNGJIN VS COSTCO WHOLESALE COR PORATION
**Case Initiation Date:** 03/31/2021
**Attorney Name:** DANIEL S SUH
**Firm Name:** ROSEMARIE ARNOLD
**Address:** 1386 PALISADE AVE FORT LEE NJ 07024
**Phone:** 2014611111
**Name of Party:** PLAINTIFF : Kim, Sungjin
**Name of Defendant's Primary Insurance Company (if known):** GALLAGHER BASSETT

**Case Type:** PERSONAL INJURY
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 12 JURORS
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**Are sexual abuse claims alleged by:** Sungjin Kim? NO

---

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
  **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
  **If yes, for what language:**

**Please check off each applicable category:** Putative Class Action? NO  Title 59? NO  Consumer Fraud? NO

---

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

| | |
|---|---|
| 03/31/2021 | /s/ DANIEL S SUH |
| Dated | Signed |